UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KATHERINE CRAWFORD,

                               Plaintiffs,

v.                                               Civil Action No. _____

FORSTER & GARBUS, LLP.,

                               Defendant.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and for intentional infliction of emotional distress under the common law of the State of New York.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff Katherine Crawford is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Forster & Garbus, LLP (hereinafter "Forster & Garbus") is a domestic registered limited liability partnership organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

7. Defendant regularly attempts to collect debts alleged to be due another.

8. All references to "Defendant" herein shall mean the Defendant or an employee of said Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a credit card obligation to GE Capital Retail Bank. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter allegedly defaulted on the subject debt.

12. That sometime after the alleged default, the subject debt was allegedly acquired by Portfolio Recovery Associates LLC

13. That on or about February 2015, Defendant was employed by Portfolio Recovery Associates, LLC to collect subject debt.

14. That on or about May 2015, Plaintiff received a summons and complaint from the Defendant on behalf of Portfolio Recovery Associates, LLC. The Plaintiff then contacted the Defendant and spoke with a Ms. Blake. Plaintiff and Ms. Blake established a payment plan agreement for Plaintiff to pay $80.00 a month until the full balance of the alleged subject debt was paid. Pursuant to the agreement, Plaintiff's payments were to be due at the end of each month.

15. On or about the last week of May 2015, Plaintiff attempted to contact Defendant's representative, Ms. Blake, multiple times to finalize the payment plan agreement. Plaintiff left several voice mail messages for Ms. Blake but never was able to speak with Ms. Blake nor did Ms. Blake ever return Plaintiff's calls.

16. That on or about the end of May 2015, Plaintiff contacted the Defendant to make arrangements for that month's payment pursuant to the plan agreement. During this call, the Plaintiff spoke with a different debt collector who was not Ms. Blake. This representative told the Plaintiff that they were not going to accept Plaintiff's payment and that there was not a payment plan. Defendant then stated that Plaintiff had to pay the full balance. Plaintiff explained to the Defendant that she cannot pay the full amount because she doesn't have that amount of money available. Defendant told Plaintiff that was not acceptable and terminated the call.

17. On or about October 23, 2015, Plaintiff received a letter from KeyBank telling her that her account has been restrained in the amount of $3,312.20.

18. On or about November 4, 2015, Plaintiff contacted the Defendant to see if she could setup a payment plan agreement and left a message for Ms. Blake. Defendant returned Plaintiff's call on November 5, 2015 and informed the Plaintiff that Portfolio Recovery Associates, LLC cannot accept a payment plan agreement for $80.00 monthly and that the balance has to be paid in full.

19. On or about November 6, 2015, Plaintiff and the Defendant had another conversation in which the Defendant stated that Plaintiff could make $400.00 monthly for four months to pay the whole balance. Plaintiff responded that she could not make the $400.00 payment and needs a lower amount. Plaintiff then requested to speak to an attorney but was told by Defendant that there was no attorney in the office. Defendant transferred Plaintiff to her supervisor Mr. Morales. Defendant's representative, Mr. Morales, told Plaintiff that her account would not be d until the whole balance is paid in full. Plaintiff responded that she could not agree to anything as she wanted to speak with attorney because she may want to file bankruptcy.  Mr. Morales responded that they will still hold her funds until they are paid regardless of whether she files bankruptcy.

20. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

### V. CAUSE OF ACTION

21. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 20 above.

22. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), 15 U.S.C. §1692f and 15 U.S.C. §1692f(1)  by agreeing to payment plan of $80.00 a month and then rescinding the offer after the Plaintiff accepted and attempted to make payments pursuant to the agreement.

    B. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), and 15 U.S.C. §1692f  by telling Plaintiff if she filed bankruptcy they would still hold her funds until she paid the balance of the alleged subject debt.

23. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiffs demands trial by jury in this action.

Dated:  July 12, 2016

       */s/ Seth J. Andrews*_____
       Seth J. Andrews, Esq.
       Law Offices of Kenneth Hiller, PLLC
       *Attorneys for the Plaintiff*
       6000 North Bailey Ave., Suite 1A
       Amherst, NY 14226
       (716) 564-3288
       Email: sandrews@kennethhiller.com